1
2
3
4
5                    UNITED STATES DISTRICT COURT
6              FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                            OAKLAND DIVISION
8

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, INC., a Delaware corporation, and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No:  C 10-5228 SBA<br><br>**ORDER DENYING STIPULATED REQUEST TO EXTEND MEDIATION DEADLINE and ORDER OF REFERENCE**<br><br>Dkt. 40 |

   The parties have submitted a third stipulation to extend deadline for mediation from November 23, 2011 to February 21, 2012 "due to the parties being engaged in settlement negotiations." Dkt. 40 at 1. To accommodate their request, the parties further request that the Court continue the trial date and all pretrial deadlines by ninety days. Id.

   Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).   Where the moving party has not been diligent, the inquiry ends and the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609.

Here, the record shows that the parties have twice stipulated to continue the mediation deadline, which was originally scheduled for August 5, 2011. Dkt. 38, 39. Each time, the parties cited their ongoing settlement negotiations as a basis for the continuance. While the Court certainly supports the parties' efforts to resolve the case without further litigation, the Court is not persuaded that the parties have been sufficiently diligent such that a ninety day extension of the trial date and all pretrial dates and deadlines, including the deadline for completing mediation, is warranted. However, to facilitate the parties' settlement discussions, the Court refers the action to Magistrate Judge Nandor Vadas for a mandatory settlement conference to take place by no later than January 6, 2012. Accordingly,

IT IS HEREBY ORDERED THAT the parties' stipulation to extend the mediation deadline and modify the trial date and pretrial schedule is DENIED. This matter is referred to Magistrate Judge Nandor Vadas for a mandatory settlement conference to take place by no later than January 6, 2012.

IT IS SO ORDERED.

Dated: November 28, 2011

                                                 SAUNDRA BROWN ARMSTRONG
United States District Judge